IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LORRAINE BARELA,

    Plaintiff,

v.                                              Case No. 11-cv-632 MCA/GBW

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

    This matter comes before the Court on Plaintiff's Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b).  *Docs. 31, 32.*  Defendant does not assert a position with regard to the reasonableness of the requested award, but notes the Court's duty to review the request to insure that the award is reasonable.  *Doc. 34.*

    This matter has been referred to me to make proposed findings and recommendations.  Having considered the briefing and relevant law, and being otherwise fully advised, I find Plaintiff's attorney's requested fees to be reasonable and recommend GRANTING Plaintiff's Motion for Attorney Fees and authorizing fees in the amount of $17,424.73.

1

**I.     BACKGROUND**

On January 2, 2013, Magistrate Judge Torgerson entered his Proposed Findings and Recommended Disposition (PFRD), recommending that the Court grant Plaintiff's Motion to Remand. *Doc. 25*. The Court adopted the Magistrate Judge's PFRD on March 30, 2013, granted Plaintiff's Motion to Reverse and Remand the Commissioner's denial of social security disability benefits, and remanded this action to the Commissioner. *Doc. 26.* Plaintiff then filed a Motion for Attorney's Fees in the amount of $6,958.57 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (*doc. 27*), which the Court granted on May 17, 2013. *Doc. 30.*

After remand, ALJ Ann Farris issued a fully favorable decision to Plaintiff on February 5, 2014, finding Plaintiff disabled and eligible for disability benefits. *Doc. 32*, Ex. A. The Social Security Administration awarded Plaintiff past-due benefits of approximately $93,594.00, and withheld 25% of that amount, or $23,424.73, to pay to Plaintiff's attorney. *Doc. 32*, Ex. B at 1, 3.

In the instant Motion, Plaintiff's attorney moves for fees of $17,424.73 under section 206(b) of the Social Security Act, 42 U.S.C. § 406(b), and agrees to refund to Plaintiff the EAJA fees of $6,958.57.

**II.     STANDARD OF REVIEW**

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1)(A), provides that a district court may award a reasonable attorney fee, not to exceed 25% of past-due benefits, in cases in which the claimant receives a favorable judgment on remand from a district court.  "Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, are paid out of the plaintiff's social security benefits, while fees under the [Equal Access to Justice Act] penalize the Secretary for assuming an unjustified legal position and, accordingly, are paid out of agency funds."  *Orner v. Shalala*, 30 F.3d 1307, 1309 (10th Cir. 1994).

Section 406(b) is "permissive rather than mandatory," and an award of fees under this section rests within the sound discretion of the court.  *Whitehead v. Richardson*, 446 F.2d 126, 128 (6th Cir. 1971).  In *Gisbrecht v. Barnhart*, the Supreme Court held that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel."  535 U.S. 789, 793 (2002).  The statute imposes the 25% standard as a limitation and a ceiling on benefits; it does not provide that 25% of past-due benefits is a presumptively reasonable fee.  *See id.* at 807 ("Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.").  Courts should therefore review fee arrangements "as an independent check, to assure that they yield reasonable

results in particular cases." *Id.* In determining the reasonableness of fees, a Court may consider whether the attorney was responsible for delays, whether he provided substandard representation, and whether the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* at 808.

In addition to determining whether the fee request is reasonable, the Court must also determine whether the fee request has been timely filed. *See McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Finally, when counsel is awarded fees under both the Equal Access to Justice Act and the Social Security Act, claimant's counsel must refund the smaller amount to the claimant in order to "prevent double payment of fees for the same work under both statutes." *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

### III. THE COURT'S FINDINGS

The Court, having reviewed the file and being otherwise fully advised, FINDS as follows:

1. Plaintiff's attorney is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 406(b).

2. Fees awarded pursuant to 42 U.S.C. § 406(b) may not exceed 25% of past-due benefits.

4

3. Plaintiff was awarded approximately $93,594.00 in past-due benefits. *See doc. 32*, Ex. B at 1, 3.

4. The Commissioner withheld a total of $23,424.73, constituting 25% of Plaintiff's past-due benefits, to pay attorney fees.

5. Counsel has petitioned for a fee of $6,000.00 for legal services before the Social Security Administration. *Doc. 32* at 2.

6. The fee sought by Plaintiff's attorney, $17,424.73, represents approximately 18.6% of Plaintiff's past-due benefits. This is less than the maximum fee that can be paid pursuant to 42 U.S.C. § 406(b), and less than the amount Plaintiff agreed counsel could charge for his work in federal court.

7. In this case, the contingent fee contract provides that Plaintiff will pay counsel a fee equal to 25% of his past-due benefits if counsel represents him in a federal court, followed by a favorable outcome on remand. *Doc. 32*, Ex. D.

8. The Court determines that Plaintiff's attorney's Motion for Attorney Fees under 42 U.S.C. § 406(b) has been timely filed, as it was filed within a reasonable time of receipt of the favorable decision and notice of award. The favorable decision was issued on February 5, 2014, the Notice of

Award was issued on March 1, 2014, and the instant Motion was filed on May 23, 2014.

9. Plaintiff's attorney provided quality representation and was not responsible for any delay in the resolution of this matter.

10. The amount of benefits paid to Plaintiff was not so large in comparison to the time expended by her attorney as to require a further reduction of fees.

### III. CONCLUSION

For the foregoing reasons, I recommend GRANTING Plaintiff's Motion for Attorney's Fees, awarding fees in the amount of $17,424.73, and requiring Plaintiff's attorney to reimburse to Plaintiff those fees previously awarded under the Equal Access to Justice Act, in the amount of $6,958.57.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**